## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ARTHUR U. SAN AGUSTIN, *et al*,<br><br>Defendant. | Case No. CF0446-23<br><br>**DECISION AND ORDER**<br>**(Motion for Protective Order)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on January 22, 2024, for an Evidentiary Hearing, in which the People raised a Motion for a Protective Order to prevent the hearing from continuing. Attorney General Douglas Moylan ("Moylan") and Assistant Attorney General Lewis Harley ("Harley") appeared on behalf of the People. Joaquin Arriola ("J. Arriola") appeared for Arthur U. San Agustin ("Defendant"). G. Patrick Civille ("Civille") appeared for Masatomo Nadeau ("Nadeau"), who joined Defendant. Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** the People's Motion for a Protective Order.

## BACKGROUND

On August 21, 2023, the Office of the Attorney General indicted Defendant and Nadeau with five charges: (1) Tampering with Public Records, (2) Obstructing Government Functions, (3) Official Misconduct, (4) Obstructing Governmental Functions, and (5) Official Misconduct.

Superseding Indictment (August 21, 2023). These charges were all brought regarding both Defendant's and Nadeau's roles in the Department of Public Health and Social Services ("DPHSS"). On September 1, 2023, Defendant filed a *"Motion to Disqualify the Office of the Attorney General,"* claiming that disqualification was warranted as the AG's Office, through former Assistant Attorney General ("AAG") Sandra Miller, represented DPHSS. Mot. for Protective Order, (January 19, 2024). The Office of the Attorney General ("OAG") filed a Motion for Protective Order in response. *Id.*

## DISCUSSION

In their Motion for Protective Order, the OAG argues that (1) the Defendant fails to establish sufficient cause to conduct an evidentiary hearing; (2) that the Court should exclude evidence under the Work-Products Doctrine; (3) that granting an evidentiary hearing would violate Attorney-Client Privilege; and (4) granting an evidentiary hearing will violate the Deliberative Process Privilege. Mot. for Protective Order ¶ 2 (January 19, 2024).

### A. Does Movant Fail to Establish Sufficient Cause to Conduct an Evidentiary Hearing?

The OAG argues that "no declaration from the Defendant or any other witness has been provided that sets forth information which would warrant subpoenaing former AAG Sandra Miller." Mot. for Protective Order ¶ 2 (January 19, 2024). A trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Kamakana v. City & County of Honolulu*, 446 F.3d 1172 (9th Cir. 2006). Rule 26(c) of the Federal Rules of Civil Procedure requires a "particularized showing of good cause" to protect information from being disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.* 307 F.3d 1206 (9th Cir. 2002). Defendant points out, however, that several pages

later in the very same brief, the OAG argues that the Court should "make findings of fact and conclusions of law... in light of the serious ethical allegations and constitutional issues involved... before disqualifying attorneys from the AG's Office. *See Fulmer v. Harper*, 517 F.2d 20 (10 Cir, 1975)." Defendant then points out that on appeal in *Fulmer*, the 10th Circuit held that the trial court should "hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto, which hearing should include the taking of testimony." *Fulmer v. Harper*, 517 F.2d 21 (10 Cir, 1975). Given the serious ethical concerns raised by both parties, this Court must agree with Defendant that there is sufficient cause for an evidentiary hearing.

## B. Should The Court Exclude Evidence Under the Work-Products Doctrine?

The OAG argues that the work-product doctrine protects materials prepared by an attorney acting for their client in anticipation of litigation. *See United States v. Nobles*, 422 U.S. L.Ed.2d (1975). Here, the AOG claims that Defendant seeks to inquire into the team responsible for his prosecution as they initiated this case, violating the doctrine. Defendant argues that the work-product doctrine, even if it applies, is an evidentiary issue that can be raised by way of objection and does not bar an evidentiary hearing or the calling of witnesses. It is not apparent at this time which materials the AOG are claiming to be privileged. The Court agrees that the work-product doctrine is an evidentiary issue and should be raised by way of objection.

## C. Does Granting an Evidentiary Hearing Violate Attorney-Client Privilege?

The OAG argues that the Attorney General of Guam represents the Public Interest here against the potential corruption of a government official. *Attorney General of Guam v. Y'Asela*

*Pereira, Treasurer, Government of Guam, SP0032-03.* As such, the OAG apparently believes an evidentiary hearing will violate the privilege that the OAG has with the People (the Client). Defendant argues in response that the attorney client privilege with respect to communications between the OAG and DPHSS, Nadeau, and Director San Augustin belongs to DPHSS, Nadeau, and Director San Agustin – not to the OAG. This Court agrees as does the Guam Supreme Court, which held that "privileges, such as the attorney-client privilege, are generally viewed as rules of evidence that must be asserted within the confines of a court proceeding. *See Privilege, Black's Law Dictionary* (10th ed. 2014) (providing one of the definitions of "privilege" as "[a]n evidentiary rule that gives a witness the option to not disclose the fact asked for, even though it might be relevant" (emphasis added)); *see also* Guam R. Evid. 503." *See In re A.B. Won Pat International Airport Authority, Guam* 2019 WL 3072570.

### D. Does Granting an Evidentiary Hearing Violate Deliberative Process Privilege?

The OAG argues that calling OAG witnesses would violate the Deliberative Process Privilege, which prevents the discovery of "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, S.Ct. 1504 (1975). The privilege exists so that agency officials can speak frankly about agency decisions so as to protect the quality of those decisions. Defendant points out, however, that in *NLRB*, the U.S. Supreme Court went on to caution that, "lower courts have uniformly drawn a distinction between pre-decisional communications, which are privileged, and communications made after the decisions and designed to explain it…" *Id.* 1507. Defendant seeks the latter type

of evidence here. Therefore, an evidentiary hearing will not violate the deliberative process privilege.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** the People's Motion for Protective Order.

SO ORDERED, this ___14___ day of ___February___ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam